<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ZOE AJJAHNON, : :  Plaintiff, : v. : : ST. JOSEPH'S UNIVERSITY MEDICAL : CENTER and RWJ BARNABAS : HEALTH, INC., : :  Defendant. : | Case No. 2:19-cv-16990-BRM-JAD  **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a *qui tam* action filed by *pro se* plaintiff Zoe Ajjahnon ("Plaintiff") under the False Claims Act ("FCA") (ECF No. 1) and Crossclaims by co-defendants St. Joseph's Reginal Medical Center ("St. Joseph's") and RWJ Barnabas Health, Inc. ("Barnabas Health") (together, "Defendants") against each other (ECF Nos. 10, 14). Having reviewed the submissions filed in connection with the Complaint, for the reasons set forth below and for good cause appearing, Plaintiff's Complaint is **DISMISSED,** and Defendants' Crossclaims are **DISMISSED**.

**I.     BACKGROUND**

This matter stems from Plaintiff's purportedly fabricated diagnosis of bipolar disorder by practitioners at St. Joseph's, which Plaintiff alleges was part of a scheme "to falsify billing claims to government funded healthcare programs" in violation of the FCA. (ECF No. 1 at 2.) St. Joseph's is a healthcare service provider located in Paterson, New Jersey. (*Id.* at 9.)

On December 18, 2018, the Paterson police responded to a call from Plaintiff's mother claiming Plaintiff threatened her with a knife. (*Id.* at 10.) Plaintiff, however, "categorically

1

denie[s]" making this threat. (*Id.* at 11.) The police gave Plaintiff the option of going to jail or to the emergency room. (*Id.*) Plaintiff initially chose to go to jail, but ultimately decided to be ambulanced to St. Joseph's upon the recommendation of the police. (*Id.*) Upon arrival, an emergency room doctor referred Plaintiff to a social worker who performed a mental health screening. (*Id.* at 12.) Plaintiff claims the social worker fabricated a diagnosis of bipolar disorder. (*Id.* at 14.)

On December 19, 2018, Plaintiff was admitted to Clara Maas Medical Center (*id.* at 21), a short-term care facility that is part of Barnabas Health and located in Belleville, New Jersey (*id.* at 10). A psychiatrist saw Plaintiff and diagnosed her with "tentative" bipolar disorder "because [of] no symptomatic history." (*Id.* at 24.) Plaintiff refused medication, so the short-term facility utilized a "2-step program" where an independent doctor reviewed the psychiatrist's diagnosis to determine if medication was necessary. (*Id.*) The independent doctor affirmed the diagnosis. (*Id.* at 25.)

Plaintiff brings this action under the FCA alleging St. Joseph's and Barnabas Health "recklessly and willfully falsified information . . . for involuntary commitment, in fraud and abuse of government funding for their services." (*Id.* at 1.) Specifically, Plaintiff asserts her involuntary commitment to treatment was "done to falsify billing claims to government funded healthcare programs." (*Id.* at 2.) The United States Government declined to intervene in the action. (ECF No. 7.)

## II. DECISION

### A. Plaintiff's FCA Complaint

The FCA imposes penalties on anyone who "knowingly presents . . . a false or fraudulent claim for payment or approval" to the United States Government. 31 U.S.C. § 3729(a)(1)(A).

Further, the FCA punishes any person who "knowingly makes, uses or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government." *Id.* § 3729(a)(2).

The United States Attorney General or private persons may bring a civil action under the FCA. *Id.* § 3730. A private litigant bringing an FCA action is called the "relator" or *qui tam* plaintiff. *See Vermont Agency of Natural Resources v. U.S. ex rel. Stevens*, 529 U.S. 765 (2000). When commencing an FCA action, *qui tam* plaintiffs file their complaint under seal and give the government material evidence and the information in their possession. 31 U.S.C. § 3730(b)(2). After independent investigation, the government may elect to intervene and replace the *qui tam* plaintiff in prosecuting the case. Under § 3730(c)(3), a *qui tam* plaintiff retains the right to proceed with the claim if the government declines to intervene. However, circuit courts agree that a *pro se* litigant may not pursue a *qui tam* action on behalf of the government. *See Gunn v. Credit Suisse Grp. AG*, No. 13-4738, 2015 WL 1787011, at *157 (3d Cir. Apr. 21, 2015) ("While it does not appear that we have had occasion to address the issue, every circuit that has is in agreement that a pro se litigant may not pursue a qui tam action on behalf of the Government.").

The United States Government declined to intervene in Plaintiff's action. (ECF No. 7.) Therefore, as a *pro se* litigant bringing an FCA-based complaint, Plaintiff may not pursue a *qui tam* action on behalf of the government. *See Gunn*, 2015 WL 1787011, at *157.

Accordingly, for the reasons stated above, the Complaint is **DISMISSED**.

### B. Defendants' Crossclaims

Regarding indemnification and contribution of FCA defendants, the Third Circuit has not addressed the issue. Generally, "FCA defendants cannot pursue claims for indemnification and contribution that are based on their liability under the FCA." *United States v. Campbell,* 2011 U.S.

3

Dist. LEXSIS 1207, *10 (D.N.J. 2011) (citing *United States ex rel. Miller v. Bill Harbert Int'tl Const.,* 505 F. Supp. 2d 20, 26 (D.D.C. 2007) ("The unavailability of contribution and indemnification for a defendant under the [FCA] now seems beyond peradventure."). District Courts in this Circuit have used this reasoning in dismissing crossclaims in FCA actions. *See United States ex rel. Salvatore v. Michael Fleming,* Civ. A. No. 11-1157, 2015 WL 1384653, at *1 (W.D. Pa. Mar. 25, 2015) (dismissing defendant's crossclaim because it depended upon FCA liability).

The crossclaims for contribution and indemnification by St. Joseph's against Barnabas Health (ECF No. 10) and vice versa (ECF No. 14) are based on FCA liability. As a result, the crossclaims are unavailable. *See United States ex rel. Salvatore v. Michael Fleming,* Civil Action No. 11-1157, 2015 WL 1384653, at *1 (W.D. Pa. March 25, 2015) (dismissing defendant's crossclaim because it depended upon FCA liability).

Accordingly, for the reasons stated above, Defendants' Crossclaims are **DISMISSED**.

### C. CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is **DISMISSED**. Additionally, Defendants' Crossclaims against each other are **DISMISSED.** An appropriate order will follow.

**Date:**  June 29, 2020               */s/Brian R. Martinotti*
                                        **HON. BRIAN R. MARTINOTTI**
                                        **UNITED STATES DISTRICT JUDGE**